

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed October 26, 2015

_____
United States Bankruptcy Judge
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| BRIAN JACKSON, § | | |
| § | | |
| Debtor. § | | |
| § | | |
| § | | |
| JUSTIN ATKINSON, § | | Case No. 15-30793-sgj |
| § | | |
| Plaintiff, § | | Adversary No. 15-03045-sgj |
| § | | |
| v. § | | |
| § | | |
| BRIAN JACKSON, § | | |
| § | | |
| Defendant. § | | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

---

FINDINGS OF FACT AND CONCLUSIONS OF LAW - PAGE 1
411105

On the 21st day of October 2015 came on for trial the Complaint to Determine Dischargeability of Debt. After review of the exhibits entered into evidence and hearing testimony and arguments in this case, the Court makes the following Findings of Fact and Conclusions of Law:

## I.

## Findings of Fact

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding under 28 U.S.C. § 157(B)(2).

3. In or about September 2007, Justin Atkinson ("Atkinson") began working with Edible Staffing LLC d/b/a Silver Tray Staffing ("Silver Tray") as its Sales and Operations Manager. Silver Tray provided staffing and servers for events.

4. In early February 2009, Atkinson resigned from his position at Silver Tray and formed RAD Staffing LLC d/b/a Trinity Event Staffing ("Trinity Event Staffing").

5. Brian Jackson ("Jackson") was President and co-owner of Silver Tray at the time.

6. Trinity Event Staffing was in the business of providing staffing and servers for events, and was a competitor to Silver Tray.

7. Soon after Atkinson's departure from Silver Tray, Silver Tray filed suit against Atkinson and Trinity Event Staffing, as well as applied for injunctive relief in the County Court at Law No. 2, Dallas County, Texas, in a case styled Cause No. CC-09-01093-B; *Edible Staffing LLC d/b/a Silver Tray Staffing v. Justin Atkinson, RAD Staffing LLC d/b/a Trinity Event Staffing,* to limit Atkinson from competing against Silver Tray. After an evidentiary hearing on Silver Tray's request for a temporary injunction, the County Court at Law No. 2 denied Silver Tray's request for a temporary injunction on March 3, 2009.

8. On July 15, 2009, Atkinson was in attendance at an industry event hosted by Dallas Party Tent & Event and Rebecca Hackl/Events (the "Event"). Also in attendance at the Event was Jackson.

9. At the Event, Atkinson was walking alone from one area of the building to another in the building in a secluded area and walked by Jackson. At that time, there was no one else present in the area other than Atkinson, Jackson and a business associate of Jackson. Jackson then struck Atkinson with his fist at least once in the side of Atkinson's face/head, causing Atkinson to fall down and be injured.

10. The police were contacted and before their arrival at the Event, Jackson left the Event.

11. Atkinson was soon thereafter taken by a co-worker to the emergency room at Lewisville Medical Hospital for treatment.

12. As a result of being struck by Jackson, Atkinson sustained injuries, including loss of memory, multiple bruises to the cheek and face, and shoulder and hip injuries.

13. Atkinson thereafter sued Jackson in a proceeding in the 44th District Court in Dallas County, Texas, Cause No. 09-9691, styled *Justin Atkinson v. Brian Jackson et al.* and Atkinson obtained a judgment (the "Judgment") on March 29, 2011, against Jackson in the amount of $9,896.07, based on the jury's findings that Jackson committed an assault against Atkinson. Interest has accrued at 5% per annum on the Judgment.

14. In striking Atkinson on July 15, 2009, Jackson purposefully inflicted injury on Atkinson or acted with substantial certainty that injury would result. Jackson's attack on Atkinson was willful and malicious and with intent to and in fact, caused injury to Atkinson.

**II.**

## Conclusions of Law

1. Atkinson had the burden of proof in this Adversary Proceeding and he proved the facts set forth above by a preponderance of the evidence.

2. Jackson's striking of Atkinson was willful and malicious and with intent to and in fact, caused injury to Atkinson.

3. The amount of the Judgment of $9,896.07, plus post-judgment interest accruing at 5% per annum from March 29, 2011, totaling $12,371.45 is established for purposes of this objection to dischargeability action, and such debt is not dischargeable pursuant to section 523(a)(6) of the Bankruptcy Code.

Where appropriate, a finding of fact shall be construed to be a conclusion of law and vice versa.

### End of Order ###